**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK §<br>§<br>*Plaintiff,* §<br>§<br>*v.* §<br>§<br>§ CIVIL ACTION NO. 4:25-cv-1675<br>NCP MANAGEMENT, LLC, NORTH §<br>HOUSTON SURGICAL HOSPITAL §<br>dba SPRING HOSPITAL, and DR. §<br>MIRZA N BAIG, §<br>§<br>*Defendants.* § | |

## THE HUNTINGTON NATIONAL BANK'S ORIGINAL PETITION

Plaintiff, The Huntington National Bank (the "Plaintiff" or "Huntington"), by counsel, files this Original Petition complaining of NCP Management, LLC ("NCP"), North Houston Surgical Hospital d/b/a Spring Hospital ("North Houston Hospital"), and Dr. Mirza N. Baig ("Baig" and together with NCP and North Houston Hospital, the "Defendants"), and in support thereof states as follows:

## PARTIES

1.    Plaintiff is a national banking association organized and existing under Federal Law with its principal place of business in Columbus, OH.

2.    Defendant NCP is a limited liability company organized under the laws of the State of Texas, and upon information and belief, NCP has its principal place of business at 10857 Kuykendahl Road Suite 120B, The Woodlands, TX 77382-2935.

WBD (US) 4918-4973-5456v2

3.      Defendant North Houston Hospital is a limited liability company organized under the laws of the State of Texas, and upon information and belief, North Houston Hospital has its principal place of business at 3610 N. Josey Lane Suite 223, Carrollton, TX 75007-3150.

4.      Upon information and belief, Defendant Baig is a citizen and resident of Harris County, Texas and is not an infant, incompetent person, nor in active military service or otherwise subject to the protections afforded under the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901-4043.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action under and by virtue of, inter alia, 28 U.S.C. § 1332, in that the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in the State of Texas and the property is located in Harris County, Texas, within the Southern District of Texas.

## FACTS

7.      On or about December 15, 2021, Huntington and Defendants NCP and North Houston Hospital entered into a Lease Agreement, Lease Agreement No. ***3455 (as amended from time to time, the "Master Lease") which recited terms by which NCP and North Houston Hospital would lease personal property described in Equipment Schedules (the "Equipment Schedules"). A true and accurate copy of the Master Lease is attached hereto and incorporated herein as **Exhibit A**.

- 2 -

8.    Huntington perfected its security interest for all equipment then or thereafter subject to the Master Lease by filing an UCC Financing Statement with the Texas Secretary of State, file no. 21-0056767195, on December 22, 2021 (the "UCC Financing Statement"). A true and accurate copy of the UCC Financing Statement is attached hereto and incorporated herein as **Exhibit B**.

9.    On or about December 15, 2021, Defendant Baig executed a Continuing Guaranty (the "Guaranty"), pursuant to which he fully and unconditionally guaranteed all amounts then due or thereafter arising to Plaintiff.  A true and accurate copy of the Guaranty is attached hereto and incorporated herein as **Exhibit C**.

*I.    Equipment Schedule 300*

10.    Pursuant to the terms of the Master Lease, on or about December 15, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-300 (as amended from time, "Equipment Schedule 300"). Pursuant to Equipment Schedule 300, Plaintiff extended a lease line in the maximum amount of $456,815.00, pursuant to which NCP and North Houston Hospital leased one (1) SOMATOM go.AU CT, together with items listed on Siemens Heathineers Quote Nr: CPQ-449876 Rev. 0 dated 10/11/21, together with all attachment and accessories thereto (the "Schedule 300 Equipment"). A true and accurate copy of Equipment Schedule 300 is attached hereto and incorporated herein as **Exhibit D**.

11.    On December 16, 2021 NCP, North Houston Hospital, and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 300 Debt

- 3 -

WBD (US) 4918-4973-5456v2

Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing or thereafter arising. A true and accurate copy of the Schedule 300 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit E**.

12.    Huntington perfected its security interest in the Schedule 300 Equipment by filing an Amendment to UCC Financing Statement with the Texas Secretary of State, file no. 21-00570447, on December 22, 2021, adding collateral to include the Schedule 300 Equipment (the "Schedule 300 UCC Amendment"). A true and accurate copy of the Schedule 300 UCC Amendment is attached hereto and incorporated herein as **Exhibit F**.

13.    The Master Lease provides, inter alia, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

14.    NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 300. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

15.    Plaintiff sent Defendants a Demand for Payment and Turnover of Equipment dated February 18, 2025, (the "Demand"), demanding amounts due under Equipment Schedule 300. A true and correct copy of the Demand is attached hereto as **Exhibit G**.

- 4 -

WBD (US) 4918-4973-5456v2

16.     The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 300 Equipment.

17.     NCP and North Houston Hospital have defaulted under the terms of the Master Lease, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 300.

18.     Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 300 Equipment.

19.     Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 300 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

II.     *Equipment Schedule 301*

20.     Pursuant to the terms of the Master Lease, on or about December 15, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-301 (as amended from time, "Equipment Schedule 301"). Pursuant to Equipment Schedule 301, Plaintiff extended a lease line in the maximum amount of $120,698.75 pursuant to which NCP and North Houston Hospital leased one (1) MULTIX Impact for high-throughput general X-ray VA11, together with all items listed on Siemens Healthineers Quote Nr:CPQ-449220 Rev.1 dated 10/11/2021, together with all attachments and accessories thereo (the "Schedule 301 Equipment"). A true and accurate copy of Equipment Schedule 301 is attached hereto and incorporated herein as **Exhibit H**.

- 5 -

21.    Huntington perfected its security interest in the Schedule 301 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 21-00572182, on December 23, 2021 adding collateral to include the Schedule 301 Equipment (the "Schedule 301 UCC Amendment"). A true and accurate copy of the Schedule 301 UCC Amendment is attached hereto and incorporated herein as **Exhibit I**.

22.    The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

23.    NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

24.    Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 301.

25.    The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 301 Equipment.

26.    NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 301, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 301.

27.    Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 301 Equipment.

- 6 -

WBD (US) 4918-4973-5456v2

28.    Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 301 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

III.    *Equipment Schedule 302*

29.    Pursuant to the terms of the Master Lease, on or about December 15, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-302 (as amended from time, "Equipment Schedule 302"). Pursuant to Equipment Schedule 302, Plaintiff extended a lease line in the maximum amount of $514,187.50 pursuant to which NCP and North Houston Hospital leased one (1) Artis zee floor eco Combo Card./Rad/together with all items listen on Siemens Healthineers Quote Nr: CPQ-449169 Rev. 1 dated 10/13/2021, together with all attachments and accessories therein (the "Schedule 302 Equipment"). A true and accurate copy of Equipment Schedule 302 is attached hereto and incorporated herein as **Exhibit J**.

30.    On December 21, 2021 NCP, North Houston Hospital and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 302 Debt Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing or thereafter arising. A true and accurate copy of the Schedule 302 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit K**.

31.    Huntington perfected its security interest in the Schedule 302 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00158643, on March 30, 2022, adding collateral to

- 7 -

WBD (US) 4918-4973-5456v2

include the Schedule 302 Equipment (the "Schedule 302 UCC Amendment"). A true and accurate copy of the Schedule 302 UCC Amendment is attached hereto and incorporated herein as **Exhibit L**.

32.     The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

33.     NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 302. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

34.     Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 302.

35.     The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 302 Equipment.

36.     NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 302, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 302.

37.     Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 302 Equipment.

WBD (US) 4918-4973-5456v2

38.     Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 301 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

IV.     *Equipment Schedule 303*

39.     Pursuant to the terms of the Master Lease, on or about December 21, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-303 ("Equipment Schedule 303"). Pursuant to Equipment Schedule 303, Plaintiff extended a lease line in the maximum amount of $59,537.50 pursuant to which NCP and North Houston Hospital leased one one (1) Cios Select VA21 II together with all items listened on Siemans Heathineers Quote Nr: CPQ-449899 Rev. 0 dated 10/13/2021, together with all attachments and accessories thereto (the "Schedule 303 Equipment"). A true and accurate copy of Equipment Schedule 303 is attached hereto and incorporated herein as **Exhibit M**.

40.     On December 21, 2021 NCP, North Houston Hospital and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 303 Debt Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing or thereafter arising. A true and accurate copy of the Schedule 303 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit N**.

41.     Huntington perfected its security interest in the Schedule 303 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-0006225352, on February 8, 2022, adding collateral to

- 9 -

include the Schedule 303 Equipment (the "Schedule 303 UCC Amendment"). A true and accurate copy of the Schedule 303 UCC Amendment is attached hereto and incorporated herein as **Exhibit O**.

42.    The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

43.    NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 303. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

44.    Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 303.

45.    The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 303 Equipment.

46.    NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 303, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 303.

47.    Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 303 Equipment.

- 10 -

WBD (US) 4918-4973-5456v2

48.    Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 303 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

V.    *Equipment Schedule 304*

49.    Pursuant to the terms of the Master Lease, on or about December 22, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-304 ("Equipment Schedule 304"). Pursuant to Equipment Schedule 304, Plaintiff extended a lease line in the maximum amount of $59,537.50 pursuant to which NCP and North Houston Hospital leased one (1) Cios Select VA21 II together with all items listened on Siemans Heathineers Quote Nr: CPQ-449908 Rev. 0 dated 10/13/2021, together with all attachments and accessories thereto (the "Schedule 304 Equipment"). A true and accurate copy of Equipment Schedule 304 is attached hereto and incorporated herein as **Exhibit P**.

50.    On December 22, 2021 NCP, North Houston Hospital and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 304 Debt Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing or thereafter arising. A true and accurate copy of the Schedule 304 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit Q**.

51.    Huntington perfected its security interest in the Schedule 304 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00097140, on February 25, 2022 adding collateral to

- 11 -

WBD (US) 4918-4973-5456v2

include the Schedule 304 Equipment (the "Schedule 304 UCC Amendment"). A true and accurate copy of the Schedule 300 UCC Amendment is attached hereto and incorporated herein as **Exhibit R**.

52.     The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

53.     NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 304. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

54.     Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 304.

55.     The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 304 Equipment.

56.     NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 304, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 304.

57.     Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 304 Equipment.

WBD (US) 4918-4973-5456v2

58.     Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 304 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

VI.     *Equipment Schedule 305*

59.     Pursuant to the terms of the Master Lease, on or about December 22, 2021, NCP and North Houston Hospital executed Equipment Schedule \*\*\*-\*\*\*3445-305 (as amended and corrected, from time to time, "Equipment Schedule 305"). Pursuant to Equipment Schedule 305, Plaintiff extended a lease line in the maximum amount of $85,517.50 pursuant to which NCP and North Houston Hospital leased one (1) NAM-XPC Demo Serial No. 2345 together with all items listed on Siemans Heathineers Quote Nr: CPQ-449263 Rev. 0 dated 10/13/2021, together with all attachments and accessories thereto (the "Schedule 305 Equipment"). A true and accurate copy of Equipment Schedule 305 is attached hereto and incorporated herein as **Exhibit S**.

60.     On December 22, 2021 NCP, North Houston Hospital and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 305 Debt Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing or thereafter arising. A true and accurate copy of the Schedule 305 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit T**.

61.     Huntington perfected its security interest in the Schedule 305 Equipment by filing an amendment to the UCC Financing Statement with the Texas

- 13 -

Secretary of State, file no. 22-00137666, on March 21, 2022, adding collateral to include the Schedule 305 Equipment (the "Schedule 305 UCC Amendment"). A true and accurate copy of the Schedule 300 UCC Amendment is attached hereto and incorporated herein as **Exhibit U**.

62. The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

63. NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 305. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

64. Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 305.

65. The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 305 Equipment.

66. NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 305, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 305.

67. Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 305 Equipment.

WBD (US) 4918-4973-5456v2

68.     Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 305 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

*VII.   Equipment Schedule 306*

69.     Pursuant to the terms of the Master Lease, on or about December 22, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-306 (as amended and corrected, from time to time, "Equipment Schedule 306"). Pursuant to Equipment Schedule 306, Plaintiff extended a lease line in the maximum amount of $86,600.00 pursuant to which NCP and North Houston Hospital leased one (1) ACUSON Redwood together with all items listed on Siemans Heathineers Quote Nr: CPQ-449136 Rev. 0 dated 10/13/2021, together with all attachments and accessories thereto (the "Schedule 306 Equipment"). A true and accurate copy of Equipment Schedule 306 is attached hereto and incorporated herein as **Exhibit V**.

70.     On December 21, 2021 NCP, North Houston Hospital and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 306 Debt Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing or thereafter arising. A true and accurate copy of the Schedule 306 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit W**.

71.     Huntington perfected its security interest in the Schedule 306 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00097103, on February 25, 2022, adding collateral to

- 15 -

WBD (US) 4918-4973-5456v2

include the Schedule 306 Equipment (the "Schedule 306 UCC Amendment"). A true and accurate copy of the Schedule 306 UCC Amendment is attached hereto and incorporated herein as **Exhibit X**.

72.     The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

73.     NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 306. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

74.     Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 306.

75.     The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 306 Equipment.

76.     NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 306, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 306.

77.     Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 306 Equipment.

WBD (US) 4918-4973-5456v2

78.　　Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 306 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

*VIII.　Equipment Schedule 307*

79.　　Pursuant to the terms of the Master Lease, on or about December 22, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-307 (as amended and corrected, from time to time, "Equipment Schedule 307"). Pursuant to Equipment Schedule 307, Plaintiff extended a lease line in the maximum amount of $51,527.00 pursuant to which NCP and North Houston Hospital leased one (1) ACUSON Juniper together with all items listed on Siemans Heathineers Quote Nr: CPQ-456330 Rev. 0 dated 10/13/2021, together with all attachments and accessories thereto (the "Schedule 307 Equipment"). A true and accurate copy of Equipment Schedule 307 is attached hereto and incorporated herein as **Exhibit Y**.

80.　　In connection with Equipment Schedule 307, NCP, North Houston Hospital and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 307 Debt Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing or thereafter arising. A true and accurate copy of the Schedule 307 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit Z**.

81.　　Huntington perfected its security interest in the Schedule 307 Equipment by filing an amendment to the UCC Financing Statement with the Texas

WBD (US) 4918-4973-5456v2

Secretary of State, file no. 22-00097100, on February 25, 2022, adding collateral to include the Schedule 307 Equipment (the "Schedule 307 UCC Amendment"). A true and accurate copy of the Schedule 307 UCC Amendment is attached hereto and incorporated herein as **Exhibit AA**.

82.     The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

83.     NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 307. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

84.     Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 307.

85.     The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 307 Equipment.

86.     NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 307, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 307.

87.     Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 307 Equipment.

- 18 -

88.     Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 307 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

IX.     *Equipment Schedule 39*

89.     Pursuant to the terms of the Master Lease, on or about December 22, 2021, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-309 (as amended and corrected, from time to time, "Equipment Schedule 309"). Pursuant to Equipment Schedule 309, Plaintiff extended a lease line in the maximum amount of $243,562.50 pursuant to which NCP and North Houston Hospital leased one (1) MAMMOMAT Revelation VC20 eco together with all items listed on Siemans Heathineers Quote Nr: CPQ-456357 Rev. 0 dated 10/13/2021, together with all attachments and accessories thereto (the "Schedule 309 Equipment"). A true and accurate copy of Equipment Schedule 309 is attached hereto and incorporated herein as **Exhibit BB**.

90.     On December 22, 2021 NCP, North Houston Hospital and Baig executed a Debt Subordination and Conditional Guaranty Agreement (the "Schedule 309 Debt Subordination Agreement") by which Baig subordinated any and all debt owed to Baig by NCP or North Houston Hospital to the debt owed to Huntington then existing and thereafter arising. A true and accurate copy of the Schedule 309 Debt Subordination Agreement is attached hereto and incorporated herein as **Exhibit CC**.

91.     Huntington perfected its security interest in the Schedule 309 Equipment by filing an amendment to the UCC Financing Statement with the Texas

- 19 -

WBD (US) 4918-4973-5456v2

Secretary of State, file no. 22-00101701, on February 28, 2022, adding collateral to include the Schedule 309 Equipment (the "Schedule 309 UCC Amendment"). A true and accurate copy of the Schedule 309 UCC Amendment is attached hereto and incorporated herein as **Exhibit DD**.

92.     The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

93.     NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 309. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

94.     Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 309.

95.     The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 309 Equipment.

96.     NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 309, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 309.

97.     Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 309 Equipment.

WBD (US) 4918-4973-5456v2

98.     Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 309 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

X.     *Equipment Schedule 310*

99.     Pursuant to the terms of the Master Lease, on or about September 29, 2022, NCP and North Houston Hospital executed Equipment Schedule \*\*\*-\*\*\*3445-310 (as amended and corrected, from time to time, "Equipment Schedule 310"). Pursuant to Equipment Schedule 310, Plaintiff extended a lease line in the maximum amount of $514,187.50 pursuant to which NCP and North Houston Hospital leased one (1) New Siemens Artis Zee Floor Eco Combo Cardiology/Radiology together with all items listed on Siemans Heathineers Quote Nr: CPQ-496839 Rev. 0 dated 12/15/2021, together with all attachments and accessories thereto (the "Schedule 310 Equipment"). A true and accurate copy of Equipment Schedule 310 is attached hereto and incorporated herein as **Exhibit EE.**

100.     Huntington perfected its security interest in the Schedule 310 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00487964, on October 03, 2022, adding collateral to include the Schedule 310 Equipment (the "Schedule 310 UCC Amendment"). A true and accurate copy of the Schedule 310 UCC Amendment is attached hereto and incorporated herein as **Exhibit FF**.

- 21 -

101.    The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

102.    NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 310. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

103.    Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 310.

104.    The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 310 Equipment.

105.    NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 310, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 310.

106.    Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 310 Equipment.

107.    Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 310 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

XI.    *Equipment Schedule 311*

- 22 -

WBD (US) 4918-4973-5456v2

108.   Pursuant to the terms of the Master Lease, on or about September 29, 2022, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-311 (as amended and corrected, from time to time, "Equipment Schedule 311"). Pursuant to Equipment Schedule 311, Plaintiff extended a lease line in the maximum amount of $105,229.77 pursuant to which NCP and North Houston Hospital leased one (1) Reconditioned Leica OH3 M525 Electronic Microscope S/N # 10448015, together with all attachments and accessories thereto (the "Schedule 311 Equipment"). A true and accurate copy of Equipment Schedule 311 is attached hereto and incorporated herein as **Exhibit GG**.

109.   Huntington perfected its security interest in the Schedule 310 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00487964, on October 03, 2022, adding collateral to include the Schedule 311 Equipment (the "Schedule 311 UCC Amendment"). A true and accurate copy of the Schedule 311 UCC Amendment is attached hereto and incorporated herein as **Exhibit HH**.

110.   The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

111.   NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 311. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

- 23 -

112.   Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 311.

113.   The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 311 Equipment.

114.   NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 311, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 311.

115.   Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 311 Equipment.

116.   Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 311 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

XII.   *Equipment Schedule 312*

117.   Pursuant to the terms of the Master Lease, on or about October 3, 2022, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-312 (as amended and corrected, from time to time, "Equipment Schedule 312"). Pursuant to Equipment Schedule 312, Plaintiff extended a lease line in the maximum amount of $61,614.60 pursuant to which NCP and North Houston Hospital leased one (1) New Sterrad NX AllClear together with all items listed on Advanced Sterilization Products Services, Inc. Quote Nr. 1300294989 dated 9/22/2022 together with all items listed on Siemans Heathineers Quote Nr: CPQ-456357 Rev. 0 dated 10/13/2021, together with

- 24 -

all attachments and accessories thereto (the "Schedule 3012 Equipment"). A true and accurate copy of Equipment Schedule 312 is attached hereto and incorporated herein as **Exhibit II**.

118.   Huntington perfected its security interest in the Schedule 312 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00500400, on October 11, 2022, adding collateral to include the Schedule 312 Equipment (the "Schedule 312 UCC Amendment"). A true and accurate copy of the Schedule 312 UCC Amendment is attached hereto and incorporated herein as **Exhibit JJ**.

119.   The Master Lease provides, *inter alia,* that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

120.   NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 312. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

121.   Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 312.

122.   The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 312 Equipment.

123.   NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 312, and Huntington has accelerated the

WBD (US) 4918-4973-5456v2

amounts due and owing under the terms of the Master Lease and Equipment Schedule 312.

124.    Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 312 Equipment.

125.    Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 312 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

XIII.    *Equipment Schedule 313*

126.    Pursuant to the terms of the Master Lease, on or about October 26, 2022, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-313 (as amended and corrected, from time to time, "Equipment Schedule 313"). Pursuant to Equipment Schedule 313, Plaintiff extended a lease line in the maximum amount of $48,083.25 pursuant to which NCP and North Houston Hospital leased one (1) New Vizient Sterrad NX AllClear Sterilizaiton System S/N # 5033226410 & Lot #0021290078 together with all attachments and accessories thereto (the "Schedule 313 Equipment"). A true and accurate copy of Equipment Schedule 313 is attached hereto and incorporated herein as **Exhibit KK**.

127.    Huntington perfected its security interest in the Schedule 313 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00530362, on October 31, 2022, adding collateral to include the Schedule 313 Equipment (the "Schedule 313 UCC Amendment"). A true

WBD (US) 4918-4973-5456v2

and accurate copy of the 313 UCC Financing Statement is attached hereto and incorporated herein as **Exhibit LL**.

128.    The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

129.    NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 313. Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

130.    Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 313.

131.    The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 313 Equipment.

132.    NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 313, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 313.

133.    Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 313 Equipment.

134.    Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 313 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

WBD (US) 4918-4973-5456v2

*XIV. Equipment Schedule 314*

135.    Pursuant to the terms of the Master Lease, on or about December 8, 2022, NCP and North Houston Hospital executed Equipment Schedule ***-***3445-314 (as amended and corrected, from time to time, "Equipment Schedule 314"). Pursuant to Equipment Schedule 309, Plaintiff extended a lease line in the maximum amount of $243,562.50 pursuant to which NCP and North Houston Hospital leased fifteen (15) New Paramount USA A6 Bed Frames with Scales, Ned Navi, Exit Alarms, Blue Chip Foam Mattress together with all attachments and accessories thereto (the "Schedule 314 Equipment"). A true and accurate copy of Equipment Schedule 314 is attached hereto and incorporated herein as **Exhibit MM**.

136.    Huntington perfected its security interest in the Schedule 314 Equipment by filing an amendment to the UCC Financing Statement with the Texas Secretary of State, file no. 22-00614241, on December 22, 2022, adding collateral to include the Schedule 314 Equipment (the "Schedule 314 UCC Amendment"). A true and accurate copy of the Schedule 314 UCC Amendment is attached hereto and incorporated herein as **Exhibit NN**.

137.    The Master Lease provides, *inter alia*, that NCP and North Houston Hospital would be in default if NCP and North Houston Hospital failed to make any payment when due.

138.    NCP and North Houston Hospital have failed and refused to timely pay the amounts due under the terms of the Master Lease and Equipment Schedule 314.

- 28 -

Baig has failed and refused to timely pay the amounts due under the terms of the Guaranty.

139.    Plaintiff sent Defendants the Demand, demanding amounts due under Equipment Schedule 314.

140.    The Master Lease provides that, upon default, Plaintiff may repossess the Schedule 314 Equipment.

141.    NCP and North Houston Hospital have defaulted under the terms of the Master Lease and Equipment Schedule 314, and Huntington has accelerated the amounts due and owing under the terms of the Master Lease and Equipment Schedule 314.

142.    Defendants NCP and North Houston Hospital have no right to continue to use or maintain possession of the Schedule 314 Equipment.

143.    Huntington has demanded that NCP and North Houston Hospital surrender the Schedule 314 Equipment to Huntington, but NCP and North Houston Hospital have failed to do so.

## COUNT I
### (BREACH OF CONTRACT – NCP MANAGEMENT, LLC AND NORTH HOUSTON SURGICAL HOSPITAL LLC)

144.    The allegations contained in the preceding paragraphs are incorporated by reference and realleged as if fully set forth in this paragraph.

145.    Defendants NCP and North Houston Hospital have breached the terms of the Master Lease and Equipment Schedules by failing to make timely payments pursuant to the terms of the Master Lease and Equipment Schedules.

WBD (US) 4918-4973-5456v2

146.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 300, Defendants NCP and North Houston are obligated, as of February 18, 2025, to Huntington in the amount of $395,823.83 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

147.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 301, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $104,433.99 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

148.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 302, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $467,791.55 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

WBD (US) 4918-4973-5456v2

149.   Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 303, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $53,653.74 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

150.   Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 304, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $53,187.96 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

151.   Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 305, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $74,486.31 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

WBD (US) 4918-4973-5456v2

152.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 306, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $76,549.29 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

153.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 307, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $45,428.24 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

154.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 309, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $218,396.66 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

WBD (US) 4918-4973-5456v2

155.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 310, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $531,903.25 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

156.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 311, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $106,014.54 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

157.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 312, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $62,686.07 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

WBD (US) 4918-4973-5456v2

158.     Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 313, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $50,131.92 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

159.     Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 314, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $144,243.10 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

## <u>COUNT III</u>
### (GUARANTY – MIRZA N. BAIG)

160.     The allegations contained in the preceding paragraphs are incorporated by reference and realleged as if fully set forth in this paragraph.

161.     Defendant Baig has breached the terms of the Guaranty by failing to pay the amounts due and owing from Defendants NCP and North Houston Hospital pursuant to the terms of the Master Lease and Equipment Schedules.

162.     Due to Defendant Baig's failure to make timely payments pursuant to the terms of the Master Lease, Equipment Schedule 300, and Guaranty, Defendant

WBD (US) 4918-4973-5456v2

Baig is obligated, jointly and severally with Defendants NCP and North Houston Hospital to Huntington in the amount of $395,823.83 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

163. Due to Defendant Baig's failure to make timely payments pursuant to the terms of the Master Lease, Equipment Schedule 301, and Guaranty, Defendant Baig is obligated, jointly and severally with Defendants NCP and North Houston Hospital to Huntington in the amount of $104,433.99 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

164. Due to Defendant Baig's failure to make timely payments pursuant to the terms of the Master Lease, Equipment Schedule 302, and Guaranty, Defendant Baig is obligated, jointly and severally with Defendants NCP and North Houston Hospital to Huntington in the amount of $467,791.55 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

165. Due to Defendant Baig's failure to make timely payments pursuant to the terms of the Master Lease, Equipment Schedule 303, and Guaranty, Defendant Baig is obligated, jointly and severally with Defendants NCP and North Houston

WBD (US) 4918-4973-5456v2

Hospital to Huntington in the amount of $53,653.74 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

166. Due to Defendant Baig's failure to make timely payments pursuant to the terms of the Master Lease, Equipment Schedule 304, and Guaranty, Defendant Baig is obligated, jointly and severally with Defendants NCP and North Houston Hospital to Huntington in the amount of $53,187.96 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

167. Due to Defendant Baig's failure to make timely payments pursuant to the terms of the Master Lease, Equipment Schedule 305, and Guaranty, Defendant Baig is obligated, jointly and severally with Defendants NCP and North Houston Hospital to Huntington in the amount of $74,486.31 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

168. Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 306, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $76,549.29 with interest continuing to accrue at a rate

WBD (US) 4918-4973-5456v2

of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

169.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 307, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $45,428.24 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

170.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 309, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $218,396.66 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

171.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 310, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $531,903.25 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter

WBD (US) 4918-4973-5456v2

at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

172.   Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 311, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $106,014.54 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

173.   Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 312, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $62,686.07 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

174.   Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 313, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $50,131.92 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter

WBD (US) 4918-4973-5456v2

at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

175.    Due to Defendants NCP and North Houston's failure to make timely payments pursuant to the terms of the Master Lease and Equipment Schedule 314, Defendants NCP and North Houston are obligated as of February 18, 2025 to Huntington in the amount of $144,243.10 with interest continuing to accrue at a rate of 18% per annum from February 18, 2025 until the date of judgment, and thereafter at the legal rate until paid in full, and all costs, fees and expenses of Huntington as provided for under the Master Lease.

## Attorney Fees

176.    Plaintiff Huntington has made written demand for payment more than thirty (30) days prior to the trial of this suit and would show the Court that recovery of attorney fees is authorized pursuant to § 38.001 et. seq. of the Texas Civil Practice & Remedies Code and applicable in this Court as an award for attorneys' fees is a substantive issue.  Plaintiff Huntington requests that the Court award it the attorney fees it incurs in this action.

## Application for Writ of Sequestration

177.    Contemporaneous with the filing of this action, the Plaintiff has filed its Application for Writ of Sequestration under Texas Rule of Civil Procedure 696, wherein it is requested that the Court enter a Writ of Sequestration of the Schedule 300 Equipment, the Schedule 301 Equipment, the Schedule 302 Equipment, the

WBD (US) 4918-4973-5456v2

Schedule 303 Equipment, the Schedule 304 Equipment, the Schedule 305 Equipment, the Schedule 306 Equipment, the Schedule 307 Equipment, the Schedule 309 Equipment, the Schedule 310 Equipment, the Schedule 311 Equipment, the Schedule 313 Equipment, and the Schedule 314 Equipment. Huntington's Application for Writ of Sequestration is incorporated into this Original Petition as if fully set forth herein.

WHEREFORE, The Huntington National Bank respectfully requests

1.     That Defendants NCP Management, LLC, North Houston Surgical Hospital, and Mirza N. Baig be cited to appear and answer;

2.     That this Court enter judgment, as to Count I, against NCP Management, LLC and North Houston Surgical Hospital, jointly and severally, in the amount of $2,386,703.46, with interest continuing to accrue at the rate of 18% per annum until the date of judgment, and thereafter at the legal rate until paid in full, and the costs, fees, and expenses of this action;

3.     That this Court enter judgment, as to Count II, against Mirza N. Baig, jointly and severally with NCP and North Houston Surgical Hospital, in the amount of $2,386,703.46, with interest continuing to accrue at the rate of 18% per annum until the date of judgment, and thereafter at the legal rate until paid in full, and the costs, fees, and expenses of this action;

4.     That the Court grant Huntington's Application for Writ of Sequestration; and

5.     Other relief the Court deems just and proper, including its attorneys' fees and costs.

- 40 -

WBD (US) 4918-4973-5456v2

The 11th day of April, 2025.

Respectfully submitted,

By:    /s/ Michael E. Clark
Michael E. Clark
Texas State Bar No. 04293200
717 Texas Ave., Suite 2100
Houston, TX 77002
Telephone: (346) 998-7807
Facsimile:  (346) 998-5901
Email: Michael.Clark@wbd-us.com

*Attorney for The Huntington National Bank*

- 41 -

WBD (US) 4918-4973-5456v2