# ⑪ Huntington EXHIBIT C Continuing Guaranty

**Name of Obligor:** **NCP Management, LLC. and North Houston Surgical Hospital LLC dba Spring Hospital**

**Name of Creditor:** **The Huntington National Bank**

The undersigned ("Guarantor") hereby unconditionally and absolutely guarantees the full and prompt payment and performance when due (at maturity, by acceleration, or otherwise) of all payments, rents, debts, liabilities, and other obligations of every type and description of Obligor to Creditor, whether direct, indirect, absolute, contingent, secured, unsecured, primary, secondary, joint, several, joint and several, now existing or hereafter arising, acquired or owed (the "Obligations"). Guarantor agrees to pay Creditor, on demand, in immediately available funds: (a) the amount of each Obligation not paid when due, without any requirement that Creditor first attempt to collect any Obligations from Obligor or any other obligor therefor ("Co-obligor") or resort to any security for the Obligations ("Collateral") or other means of obtaining payment; and (b) all costs and expenses (including court costs and legal fees) incurred by Creditor in connection with the Obligations, this Guaranty and the enforcement of either, together with interest thereon from the time any amount becomes due until paid, at 18% per annum or, if less, the maximum rate permitted by applicable law. Should Guarantor die, sell or transfer all or substantially all Guarantor's non-exempt assets, have or seek to have a receiver appointed for Guarantor's assets, file or have filed against Guarantor a petition under the U. S. Bankruptcy Code, or any similar state or federal insolvency law, all Obligations will be immediately due and payable and Guarantor's obligations hereunder will automatically become immediately due and payable, without demand or notice of any kind. Guarantor's liability hereunder is unlimited and continuing. This Guaranty will remain in full force and effect even if all Obligations are paid in full, until Guarantor revokes this Guaranty prospectively as to future transactions by written notice actually received by Creditor. No revocation shall be effective as to Obligations existing or committed for at the time Creditor receives such notice, or any renewals, extensions or refinancings thereof. This Guaranty shall continue in effect or be reinstated if any amount received by Creditor for application to the Obligations is rescinded, recovered or returned for any reason (including in a bankruptcy proceeding), and the Obligations shall be deemed to have continued as though such amount had not been received. Creditor may require payments by Guarantor hereunder on one or more occasions.

Guarantor agrees that the Obligations will be paid and performed in accordance with their respective terms regardless of any applicable law, regulation or order affecting any of Creditor's rights with respect thereto, and regardless of enforceability of any Obligations against Obligor for any reason, including lack of legal existence, lack of authority, as a result of bankruptcy, insolvency or reorganization, or due to any defenses of Obligor. Guarantor waives presentment, demand, protest, notice of acceptance, notice of the creation or existence of any Obligations and all other notices of any kind, all defenses which may be available by virtue of any valuation, stay, moratorium law or other similar law, any right to require the marshaling of assets, and all defenses available to a surety, guarantor or accommodation co-obligor. Without limiting the foregoing, Guarantor's obligations shall not be released or affected by any act or omission, regardless of whether it may vary Guarantor's risk or otherwise would operate as a release or discharge of Guarantor, all of which may be done without notice to or the consent of Guarantor, including without limitation (i) any waiver, forbearance, or failure to enforce any right or remedy against Obligor, any Co-obligor or any Collateral; (ii) any extensions or renewals of any Obligation; (iii) any rescissions, amendments or modifications of any terms of any Obligations; (iv) the substitution or release of Obligor or any Co-obligor; (v) failure to obtain, perfect or preserve, any rights in or substitution, release, or loss of, any Collateral or other support for any Obligations; or (vi) the application or failure to apply in any particular manner any payments or credits. Guarantor will remain liable for any deficiency following any foreclosure of any Collateral regardless of any discharge given to Obligor. Until all Obligations have been satisfied, Guarantor (a) waives all rights of subrogation, contribution, indemnity and reimbursement against Obligor, any Co-obligor and any Collateral, and (b) will not attempt to collect any indebtedness of Obligor to Guarantor.

Guarantor is giving this Guaranty in good faith for adequate consideration and reasonably equivalent value, and without any intent to hinder, delay or defraud Guarantor's creditors. The execution, delivery and performance of this Guaranty do not and will not violate any provision of any indenture, agreement, instrument, law, rule, regulation or order to or by which Guarantor is a party or bound. Guarantor will provide Creditor on request Guarantor's most recent financial statements and other information, in such form as Creditor reasonably shall require. Guarantor will do all things and execute all documents as required by Creditor to give full effect to this Guaranty and to preserve Creditor's rights hereunder. Guarantor takes full responsibility for keeping informed of Obligor's financial condition and all other circumstances bearing on Guarantor's risk hereunder. Creditor shall have no duty to

advise Guarantor of information known to it regarding Obligor. Guarantor hereby consents to the use of electronic signatures on this Guaranty and any related document, and agrees that Guarantor's electronic signature shall be unconditionally valid and legally enforceable, and that Guarantor shall not contest the validity or enforceability of any electronic signature (or the authority of the signer to sign).

This Guaranty shall be binding on Guarantor, and Guarantor's heirs, representatives, successors and assigns, and shall inure to the benefit of Creditor, its successors and assigns. No assignment or transfer by Guarantor will relieve Guarantor of any liabilities or obligations hereunder. Creditor may, without notice to or consent of Guarantor, assign this Guaranty as it relates to any Obligation to a party who purchases or otherwise acquires all or part of any Obligation (an "Assignee"). Each Assignee shall have the right to enforce this Guaranty against Guarantor solely as it relates to the Obligation it acquired, and such enforcement may be separate and apart from actions by Creditor and/or other Assignees. **THIS GUARANTY SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAW OF MINNESOTA (EXCLUDING CONFLICTS LAWS). GUARANTOR AGREES THAT ANY SUIT TO ENFORCE THIS GUARANTY MAY BE BROUGHT IN FEDERAL OR STATE COURTS IN MINNESOTA, CONSENTS TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS AND WAIVES ANY OBJECTION IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH COURT, AND CONSENTS TO SERVICE OF PROCESS BEING MADE ON GUARANTOR BY MAIL AT THE ADDRESS SPECIFIED HEREIN. GUARANTOR, AFTER CONSULTING (OR HAVING HAD AN OPPORTUNITY TO CONSULT) WITH COUNSEL OF GUARANTOR'S CHOICE, KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO THIS GUARANTY.**

This Guaranty constitutes the entire agreement relating to the matters herein. No amendment or waiver of any provision hereof nor consent to any departure therefrom is effective unless in writing, signed by Creditor. No failure or delay by Creditor to exercise any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof. All of Creditor's rights and remedies are cumulative and not exclusive of any other remedies at law or by any other agreement. This Guaranty is in addition to, not in replacement of or substitution for, any other guaranty of the Obligations or any other guaranty of Guarantor held by Creditor. The invalidity or unenforceability of any provisions hereof will not affect the validity or enforceability of any other provisions. If more than one Guarantor has signed this Guaranty, each Guarantor shall be jointly and severally liable hereunder. This Guaranty and other documents may, in Creditor's sole discretion, be delivered by electronic transmission ("e-copy") and the e-copy of such document shall be admissible in any court or other proceeding as an original. Without limiting the foregoing, Guarantor will deliver to Creditor, promptly on request, the originally executed counterpart of this Guaranty; provided that neither delivery nor failure to deliver shall limit or modify the agreements set forth above.

GUARANTOR AGREES THAT CREDITOR MAY, IN ITS SOLE DISCRETION, FROM TIME TO TIME ENTER INTO ONE OR MORE LEASES, INTERIM FUNDINGS, LOANS OR OTHER FINANCIAL ACCOMMODATIONS WITH OR FOR THE BENEFIT OF OBLIGOR, WHETHER OR NOT NOW CONTEMPLATED, AND WHETHER OR NOT SECURED OR OTHERWISE GUARANTEED. THIS GUARANTY WILL COVER EACH AND EVERY PRESENT AND FUTURE OBLIGATION OF OBLIGOR TO CREDITOR, WHETHER OR NOT GUARANTOR RECEIVES NOTICE OF OR CONSENTS TO THE CREATION OR TERMS OF ANY SUCH OBLIGATIONS. ANY NOTICE OF OR REQUEST FOR CONSENT TO AN OBLIGATION ON ANY OCCASION WILL NOT ENTITLE GUARANTOR TO NOTICE OF OR THE RIGHT TO CONSENT TO OTHER OR FUTURE OBLIGATIONS.

Guarantor authorizes and consents to Creditor and its agents obtaining consumer credit reports and other financial and credit information, and making other credit inquiries about Guarantor, both in connection with Obligor's application and from time to time hereafter.

**Dated as of December 15, 2021**

| Guarantor: Mirza N Baig | By: | DocuSigned by: [signature] CAFDF7D2451945A... | Mirza N Baig , An Individual |
|---|---|---|---|

**Guarantor's Address: 8111 Marshall Falls, Spring, TX 77379**

Guaranty_Continuing1. ver.10.29.18 464215 S 12/16/2021 11:46 AM

